FILED
GREAT FALLS DIV.

2008 JAN 16 AM 8 18

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| IN RE: <br><br> WRIGHT, LAWRENCE D., <br><br> Debtor. | No. CV 07-053-GF-SEH <br><br> **MEMORANDUM AND ORDER** |
| OLYMPIC COAST INVESTMENT, INC, <br><br> Plaintiff, <br><br> vs. <br><br> LAWRENCE D. WRIGHT, <br><br> Defendant. | |

## INTRODUCTION

Plaintiff Olympic Coast Investment, Inc. (Olympic Coast), by adversary proceeding, challenged Defendant/Debtor's claim of discharge under 11 U.S.C. §§ 727(a)(3), (a)(4)(A) and (a)(5). On March 29, 2007, Bankruptcy Judge Ralph B. Kirscher issued his Memorandum of Decision denying the objections to discharge. Judgment was entered in Debtor's favor on

March 29, 2007. This appeal followed. This Court has jurisdiction under 28 U.S.C. § 158(a).

## ISSUE PRESENTED

One issue is presented on appeal. Olympic Coast contends the Bankruptcy Court should have denied Debtor's claim of discharge under 11 U.S.C. § 723(a)(3) because Debtor failed to keep adequate records of 14 real estate transactions between June 20, 2001, and June 3, 2002. (Appellant's Principal Brief at 2 (June 11, 2007).)

## STANDARD OF REVIEW

The Bankruptcy Court's findings of fact are reviewed for clear error. Fed. R. Bank. P. 8013. Its conclusions of law are reviewed *de novo*. In re Daniels-Head & Associates, 819 F.2d 914, 918 (9th Cir. 1987).

## DISCUSSION

Section 727(a) of the Bankruptcy Code provides that a debtor is entitled to a discharge unless one of eight specified conditions is met. Matter of Juzwiak, 89 F.3d 424, 427 (7th Cir. 1996). The exceptions to discharge are to be construed strictly against the creditor and liberally in favor of the debtor. Id.; Roberts v. Erhard (In re Roberts), 331 B. R. 876, 882 (B.A.P. 9th Cir. 2005).

11 U.S.C. § 727(a)(3) provides in pertinent part:

> (a) The Court shall grant the debtor a discharge, unless -
>
> . . . .
>
> (3) the debtor has . . . failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such . . . failure to act was justified under all of the circumstances of the case;

-2-

The initial burden of proof under § 727(a)(3) is on the creditor objecting to discharge. Fed. R. Bank. P. 4005. The creditor must show: (1) that the debtor failed to maintain and preserve adequate records; and (2) that such a failure makes it impossible to ascertain the debtor's financial condition or material business transactions. LansDowne v. Cox (In re Cox), 41 F.3d 1294, 1296 (9th Cir. 1994). Once the creditor shows that the debtor's records are absent or inadequate, the burden of proof shifts to the debtor to justify the inadequacy or nonexistence of the records. Id.

Judge Kirscher concluded that Olympic Coast failed to satisfy its burden under § 727(a)(3) of showing that the Debtor failed to keep and preserve adequate business records for the challenged real estate transactions. (Memorandum of Decision at 28, In re Lawrence D. Wright, and Ann Marie Wright (Deceased), No. 05-61714-7 (Bankr. D. Mont. Mar. 29, 2007).) Judge Kirscher made thorough and exhaustive findings of fact. His decision is supported by significant evidence:

1. Debtor permitted Olympic Coast to inspect voluminous business records of Debtor's business transactions and real estate transfers, spanning more than three decades (approximately 15 to 18 file cabinets full of documents). Id. at 13, 26, 28;

2. Debtor produced numerous deeds, trust indentures and settlement statements for the 14 real estate transactions. Id. 14-21, 24, 26-27;

3. Olympic Coast presented no evidence that Debtor "'concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information.'" Id. at 25.

4. Olympic Coast offered no testimony by a qualified expert accountant or any other witness concerning the contents of Debtor's file cabinets or Debtor's records. Id. at 26;

5.  Olympic Coast offered no testimony by a qualified expert in the fields of real estate transactions or accounting or any other field of expertise upon which the Bankruptcy Court could make a finding that Debtor's records of real estate transfers or other business transactions were inadequate. Id. at 26, 27.

No clear error in those findings is shown.

## ORDER

Upon *de novo* review, this Court approves and adopts Judge Kirscher's analysis and decision on the law. The decision of the Bankruptcy Court is AFFIRMED.

DATED this 15th day of January, 2008.

SAM E. HADDON
United States District Judge